IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSHUA DANIEL ALBERT GORDON,  )
                              )
    Petitioner,               )
                              )
v.                            )   Case No. CIV-21-571-SLP
                              )
SCOTT CROW,                   )
                              )
    Respondent.               )

## **O R D E R**

Petitioner Joshua Daniel Albert Gordon, a state prisoner incarcerated in Comanche County, Oklahoma, appears pro se and files this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner challenges the constitutionality of his state court conviction and sentence in Case No. CF-2014-5531, District Court of Tulsa County, State of Oklahoma.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin, who issued a Report and Recommendation ("R&R") [Doc. No. 10]. Judge Erwin recommended the Court grant Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Time-Barred [Doc. No. 7] on grounds that the Petition was untimely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Judge Erwin further found that Petitioner is not entitled to statutory or equitable tolling of the limitations period.

Petitioner filed an Objection [Doc. No. 11] to the R&R.[1] The Court reviews de novo the portions of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As set forth below, Petitioner only challenges Judge Erwin's finding that there is no basis for equitable tolling of the limitations period, and therefore waives review of all other issues addressed in the R&R. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The AEDPA imposes a one-year statute of limitations for Section 2254 habeas petitions brought by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Though Petitioner's objection was filed on August 26, 2021—ten days after the August 16, 2021 deadline set forth in the R&R—Petitioner states he did not receive a copy of the R&R until August 20, 2021. *See* Pet.'s Obj. [Doc. No 11] at 1–2. The Court therefore treats the objection as timely.

>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

*Id.* Unless a petitioner alleges facts implicating the provisions set forth in § 2244(d)(1)(B), (C) or (D), the limitations period generally begins to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Petitioner does not challenge Judge Erwin's finding that, for purposes of § 2244(d)(1)(A), his conviction became final on January 31, 2018; nor does he dispute that he filed his Petition on April 19, 2021.[2] *See* R&R [Doc. No. 10] at 3–4. Further, Petitioner does not dispute Judge Erwin's finding that he is not entitled to any statutory tolling of the limitations period. *See id.* at 6–8. Petitioner's sole challenge to the R&R, therefore, concerns Judge Erwin's finding that he is not entitled to equitable tolling of the limitations period. *See id.* at 8–12.

Section 2244(d)'s "limitations period may be equitably tolled if the petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). "Equitable tolling is a rare remedy to be applied in unusual circumstances" and "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary

---

[2] Pursuant to the prison mailbox rule, the Court deems the Petition filed on April 19, 2021, the day Petitioner signed the Petition and placed it in the prison mailing system, even though it was received and file-stamped in this Court on June 4, 2019. *See* R&R [Doc. No. 10] at 3 n.1.

circumstances and due diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (internal quotation marks and citations omitted).

Though Judge Erwin found the district court's failure to provide notice to Petitioner constituted an "extraordinary circumstance," he concluded equitable tolling was improper because Petitioner did not act with the requisite diligence. *See* R&R [Doc. No. 10] at 9–12. The district court denied Petitioner's request for postconviction relief on December 3, 2018, but he did not become aware of this fact until March 4, 2020—in part because he never received notice of the denial. *See id.* at 6, 10. Judge Erwin found Petitioner did not act with reasonable diligence because he failed to check the status of his postconviction proceedings for 15 months after filing his reply brief.[3] *See id.* at 11. In support of this conclusion, Judge Erwin stated that Petitioner was "obviously aware of: (1) his habeas filing deadline and (2) the steps to take if he believed the state court was taking too long to rule." *Id.* at 12.

Petitioner asserts he "attempted to reach out to the District Court Clerk to obtain information about his post conviction [sic] but when [he] received no reply, he utilized his facility law library on March 4th, 2020 to obtain a copy of his court docket off of OSCN.NET." Pet. [Doc. No. 1] at 18. The Court agrees with Judge Erwin that this assertion does not satisfy the standard articulated in *Al-Yousif*, 779 F.3d at 1179. At some point between November 29, 2018 (when he filed his reply brief) and March 4, 2020 (when

---

[3] Judge Erwin agreed Petitioner "has acted diligently in pursuing his rights" since learning of the denial on March 4, 2020, though this time period occurred after his AEDPA deadline had already lapsed. R&R [Doc. No. 10] at 11.

4

he discovered the December 3, 2018 denial of his application), Petitioner made just one attempt to contact the district court clerk.[4] He does not assert that he tried to contact the court clerk on any other occasions, or that he followed up after the court clerk's office failed to respond to his request. Nor does he assert that he ever independently checked the status of his case in the law library prior to March 4, 2020. This lone attempt to contact the court clerk is not enough to satisfy the due diligence requirement. *Cf. White v. Roberts*, 605 F. App'x. 731, 734–35 (10th Cir. 2015) (unpublished) (affirming finding of no diligence when petitioner contacted his attorney multiple times and filed a clemency request but did "not explain whether he made any effort to contact the Kansas Supreme Court for information on the status of his case" after failing to receive notice).

Petitioner further contends he acted diligently under the circumstances because he knew (1) that his one-year AEDPA deadline was tolled during the court's consideration of his application for postconviction relief, and (2) that the district court had no set time limit to make such ruling. *See* Pet.'s Obj. [Doc. No. 11] at 4–5. In support of his first point, Petitioner contrasts his March 26, 2018 petition for a writ of mandamus, which sought a ruling on the his January 11, 2018 records request. *See* R&R [Doc. No. 10] at 11–12. Petitioner states he filed that petition because he knew his AEDPA deadline was running and therefore "could not afford to wait on the courts to make a ruling in their own time." Pet.'s Obj. [Doc. No. 11] at 5. After he filed his application for postconviction relief, however, Petitioner argues "there was no longer an overall time limit that had to be

---

[4] Petitioner does not specify when or how he contacted the court clerk.

5

accounted for that could be used as a measure against which [he] could know when the district courts were taking too long to decide." *Id.*

The Court agrees with Judge Erwin that Petitioner's previous actions counsel against a finding of diligence. To be sure, the Court is not suggesting a state prisoner must file a writ of mandamus to qualify for equitable tolling. Petitioner's previous actions, however, show that he understood both the importance of his AEDPA deadline, and the impact the district court's rulings have on that deadline. Nevertheless, Petitioner did not check the status of his application—and, by proxy, the status of his AEDPA deadline—for 15 months after filing his reply.[5] Under these circumstances, Petitioner did not act with reasonable diligence.

Finally, Petitioner argues he acted diligently by researching how long district courts generally take to rule on postconviction proceedings. He states that he "was only able to find one case law [sic] that even came close to setting a time in which he could judge how long was too long for the courts to rule." *Id.* (citing *Johnson v. Rogers*, 917 F.2d 1283 (10th Cir. 1990) (finding a federal court's fourteen-month delay in ruling on a habeas petition to be impermissible)). According to Petitioner, he found no other cases or evidence "that would have directed [him] as to a time to expect a ruling." *Id.* at 5–6.

---

[5] While the Court agrees with Petitioner that the district court clerk should have mailed Petitioner notice of the denial, this failure only satisfies the extraordinary circumstances requirement; Petitioner must still show that he diligently pursued his rights.

Even if Petitioner's reliance on *Johnson* was reasonable,[6] he did not heed its guidance. If Petitioner believed 14 months was "too long" to wait, he should have questioned the status of his application sometime before January 29, 2020, which was 14 months after he filed his reply. But Petitioner presents no evidence that he checked the status of his case at or before that point. Instead, he waited until March 4, 2020—over 15 months after filing his reply—to check the status of his case on OSCN.[7]

Based on the circumstances, the Court finds Petitioner did not act with the diligence necessary to trigger the rare remedy of equitable tolling. *Compare Holland v. Fla.*, 560 U.S. 631, 653 (2010) (finding reasonable diligence when petitioner "wrote his attorney numerous letters seeking crucial information and providing direction" and "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association"), *with Levering v. Dowling*, 721 Fed. Appx. 783, 788 (10th Cir. 2018) (unpublished) (affirming a finding of no reasonable diligence when "the only action [petitioner] has asserted he took between incorrectly filing his notice of appeal with the OCCA in October 2014 and sending letters to the Oklahoma County Court Clerk's Office in February 2015 was spending time in the prison law library to conduct research"). The Court therefore agrees that equitable

---

[6] Equitable tolling requires a petitioner to "diligently pursue *his* claims[.]" *Loftis*, 812 F.3d at 1272 (quoting *Marsh*, 223 F.3d at 1220) (emphasis added). Rather than inquiring into the status of his own specific postconviction proceeding, however, Petitioner researched general time limits associated with postconviction proceedings. Further, he chose to rely on the single case he found on the point.

[7] Petitioner makes no allegation that circumstances outside of his control (e.g., restricted access to facility phones or computers) impeded his ability to contact the court clerk or check the status of his case on OSCN.

tolling of the limitations period is not warranted, and the Petition is untimely filed under 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED and Respondent's Motion to Dismiss [Doc. No. 7] is GRANTED.  The action is dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).[8]  A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the

---

[8] A dismissal on grounds the Petition is untimely should be with prejudice. *Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying COA and dismissing appeal of § 2254 habeas petition dismissed with prejudice as untimely under § 2244(d)); *see also Davis v. Miller*, 571 F.3d 1058, 1061 n. 2 (10th Cir. 2009) (recognizing that dismissal under Fed. R. Civ. P. 41(b) of § 2254 habeas petition without prejudice was "tantamount to a dismissal with prejudice because the one-year statute of limitations bars [petitioner] from refiling his [habeas] petition"); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice . . . .").

Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition.  The Court therefore denies a COA.

IT IS SO ORDERED this 14th day of September, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE